IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD BURTON,

      *Petitioner*,

      v.

UNITED STATES OF AMERICA,

      *Respondent*.

Civil No.: 1:25-cv-02496-JRR

## MEMORANDUM AND ORDER

Pending before the court is *pro se* Petitioner Edward Burton's "Motion for Leave to Pursuant to Rule 60(b)(6) to Catchall Pursuant to Criminal Rule of Civil Procedure 41(g) 18:USC 983 and Pursuant to 881 Forfeiture Under Rule 32.2 and Return All Property" at ECF No. 1 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). Petitioner presents a number of arguments for relief unrelated to return of property in the instant Motion; these matters are addressed separately by matters pending in Petitioner's criminal case (and related civil case). *See* 1:22-cr-00296-JRR; 1:25-cv-02495-JRR. The instant action addresses solely Petitioner's request for return of property; therefore, the court will only address this request.[1]

---

[1] Following briefing on this matter, Petitioner filed a Motion for Leave to File Sur-Surreply (ECF No. 14), requesting leave to file a sur-surreply because he disagrees with the Government's characterization of Petitioner's actual notice via notice to his attorney. Surreplies are "generally disfavored," and reserved for situations, for instance where "the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.*, 778 F.3d 463 (4th Cir. 2015). Where the Government raised argument regarding notice via Petitioner's counsel in its opposition, and Petitioner had a response to same, the court discerns no basis for a sur-surreply. That Petitioner disagrees with the Government's framing is not a new argument or evidence to which Petitioner has not been able to respond. The Motion at ECF No. 14 will therefore be denied. However, even if the court were to consider the proposed sur-surreply, it would not alter the court's decision on the instant Motion.

I.    **Background**

On October 12, 2022, Petitioner pled guilty to charges of Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a), and Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g).  (ECF No. 14.)  As part of his Plea Agreement, Petitioner agreed to a forfeiture provision, noting that he understood that assets may be seized, including, relevant here, $14,920, assorted jewelry (valued at $447,950), and a 2019 Mercedes Benz AMO GT 63S registered to Petitioner (the "Seized Assets").  *Id.* ¶ 12. Petitioner agreed to "waive[] all challenges to any forfeiture carried out in accordance with this Agreement on any grounds."[2]  *Id.*  On that same day, Petitioner was sentenced to a total term of imprisonment of 156 months.  (ECF No. 17.)

During its investigation of Petitioner (and others), the Drug Enforcement Agency ("DEA") executed a series of search warrants in December of 2021 through which they seized, *inter alia*, the Seized Assets.  (ECF No. 8 ¶ 4; Case No. 22-cr-296, ECF No. 14 ¶ 12.)  The DEA then initiated administrative forfeiture proceedings related to these Seized Assets in February of 2022 by mailing notices to residences associated with Petitioner, *see* ECF No. 8 ¶ 4, and to Petitioner's attorney who represented him during the course of the investigation,[3] *see* ECF No. 13-1, as well as providing public notice of intent to forfeit the Seized Assets on www.forfeiture.gov with a deadline of April 29, 2022, to file a claim, *see* ECF No. 13-2.  No interested party, including Petitioner, filed a claim for the Seized Assets.  (ECF No. 8 ¶ 4.)  Thereafter, DEA asset forfeiture personnel completed a declaration to show notice and the Seized Assets were declared forfeited pursuant to

---

[2] Because the Plea Agreement, which only addressed the prospect of a court order of forfeiture, arose after the DEA's administrative forfeiture notice and claim-filing deadline, the court does not find, nor does the Government appear to assert, that the Plea Agreement constituted actual notice of forfeiture of the Seized Assets. *But see Johnson v. United States*, No. CR RDB-18-178, 2023 WL 4896723, at *3 (D. Md. Aug. 1, 2023), *aff'd,* No. 23-6817, 2023 WL 8232889 (4th Cir. Nov. 28, 2023) (noting petitioner's stipulation of his awareness of the seized assets and agreement to forfeit same to the United States "alone casts doubt on [his] argument that he had no notice whatsoever").
[3] These notices were sent via certified mail and signed for on delivery.  (ECF No. 13-1.)

19 U.S.C. § 1609. *Id. See* 21 U.S.C. § 881 (regarding property subject to forfeiture to the United States).

Petitioner does not clearly present the basis for his Motion, but, in it, Petitioner requests return of the following: "2019 AMG GTS BENTZ AND 447,000 Jewerly [sic] and $14,990.Currency." *Id.* at p. 37. In reply, Petitioner confirms his Motion pertains to the Seized Assets and for the first time advances substantive argument as to same, contending that the Government's notice to him was insufficient because he "never received the alleged DEA's public notification of forfeiture [that] was delivered to then counsel in February 2022."[4] (ECF No. 9 at p. 1–2.) He also argues the Government prematurely initiated forfeiture proceedings prior to his charge by information in August 2022. *Id. See* Case No. 22-cr-296, ECF No. 1.

## II.    Analysis[5]

Although Petitioner bring this Motion under Federal Rule of Criminal Procedure 41(g), his claim arising from property administratively forfeited to the DEA is properly analyzed under 18 U.S.C. § 983.[6] "Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property . . . ." 18 U.S.C. § 983(e)(1). A motion pursuant to 18 U.S.C. § 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture." *Id.* § 983(e)(5); *see Johnson v. United States*, No. CR RDB-18-567, 2024 WL 449298, at *2 (D. Md. Feb. 6, 2024) (recognizing same). Such motion must be

---

[4] The court directed the Government to file a surreply to address these newly raised arguments. (ECF Nos. 11, 13.)
[5] The court is mindful of its obligation to construe liberally the pleadings and papers of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[6] Petitioner concedes as such in his reply, acknowledging "[a] motion to set aside an administrative forfeiture under [18 U.S.C. § 983(e)] is the exclusive remedy by which to challenge a completed forfeiture." (ECF No. 9 at p. 1.)

filed no later than five years "after the date of final publication of notice of seizure of the property." *Id.* § 983(e)(3).

If "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice," and "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim," the court must grant the motion. *Id.* Importantly, however, actual notice is not required. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *see, e.g.*, *Johnson v. United States*, No. CR RDB-18-567, 2024 WL 449298, at *2 (D. Md. Feb. 6, 2024) (noting same); *Johnson v. United States*, No. CV TDC-18-0951, 2019 WL 1935917, at *2 (D. Md. Apr. 30, 2019) (noting same). Instead, notice "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.'" *United States v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000) (quoting *Mullane*, 339 U.S. at 314). "The Government must act 'desirous of actually informing' the property owner of the impending forfeiture." *United States v. Claridy*, 373 F. App'x 417, 418 (4th Cir. 2010) (quoting *Minor*, 228 F.3d at 358). "[T]he focus of the inquiry should ordinarily be on the procedures employed." *Minor*, 228 F.3d at 358.

Petitioner's challenge here fails because the Government took reasonable steps that reflected a desire to actually inform Petitioner of the impending forfeiture. While Petitioner seemingly contends that his counsel did not provide him with a physical copy of the notice from the DEA regarding forfeiture, *see* ECF No. 9 at p. 3, he admits he had actual notice through the February 2022 notices of the DEA's intention "to permanently claim" the Seized Assets by way

of his counsel, *see id.* 9 at p. 1.  Thus, as an initial matter, it appears undisputed that Petitioner had actual notice of the administrative forfeiture of the Seized Assets.[7]

Further, even if Petitioner did not have actual notice, the court is satisfied the Government's actions to notify Petitioner were "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."  *Minor*, 228 F.3d at 357.  There is no dispute the DEA posted notice of the administrative forfeiture proceedings related to the Seized Assets on www.forfeiture.gov with a deadline to file a claim of April 29, 2022.  *See Johnson*, 2019 WL 1935917, at *4 (discussing same).  There is also no dispute that the DEA mailed notices to residences associated with Petitioner and to Petitioner via his then-counsel within the time required by statute.  *See* 18 U.S.C. § 983(a)(1)(A)(i).  While Petitioner contends he was in state custody and under house arrest at his father's residence during that time, he does not assert or argue he did not receive, or have access to mail, at the residential addresses associated with him, or that the Government knew or should have known same.[8]  *See Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005) (noting "[a]bsent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice").

Finally, the Government's notice to Petitioner via his counsel who actively represented him at the time during the course of the investigation was also "reasonably calculated" to apprise

---

[7] It is apparent that Petitioner disagrees with this characterization; however, Petitioner's disagreement appears to stem from the fact that his attorney did not provide him the specific written notice.  As set forth herein, the court is not persuaded that distinction is material on the sufficiency of the Government's actions here.

[8] The Government does not address Petitioner's arguments pertaining to his house arrest status following the December 2021 seizure.  Regardless, Petitioner's house arrest circumstance does not support an argument that the Government's efforts were not reasonably calculated to provide the requisite notice.  First, as discussed above, there is no assertion that Petitioner no longer received mail at the associated addresses or that the Government had notice of same if that were the case.  And, in any event, the Government's notice efforts included providing notice to Petitioner's defense counsel.  These actions do not reflect that "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice."  *See* 18 U.S.C. 983(e)(3).

Petitioner of the administrative forfeiture, and reflects that the Government acted "desirous of actually informing" Petitioner as to same.[9] *See Minor*, 228 F.3d at 357–58, *supra*. *See United States v. Allen*, 238 F.3d 415 (4th Cir. 2000) (table decision) (finding service on the individual's attorney "was consistent with the actions of one 'desirous of actually informing'" the individual of the forfeiture);[10] *Adams v. United States*, 178 F. Supp. 3d 377, 381 (N.D.W. Va.), *aff'd,* 667 F. App'x 36 (4th Cir. 2016) (finding "[n]otice to [petitioner's] attorney constitutes sufficient notice of this administrative forfeiture"); *Bostic v. United States*, No. CIV. WDQ-13-2731, 2015 WL 4389329, at *5 (D. Md. July 14, 2015) (finding "notice sent to an attorney representing the plaintiff during the pendency of his criminal proceedings satisfies the government's burden of providing notice 'reasonably calculated . . . to apprise interested parties'") (quoting *Minor,* 228 F.3d at 358)); *United States v. Talouzi*, No. CRIM.A. 3:11-00074, 2012 WL 4514204, at *3 (S.D.W. Va. Oct. 2, 2012) (finding "[b]y . . . directing notice to the attorney known to be representing Defendant in the ongoing criminal action that gave rise to the forfeiture, the government acted as one 'desirous of actually informing' Defendant of the forfeiture"). *See also Nunley v. Dep't of Just.*, 425 F.3d 1132, 1139 (8th Cir. 2005) (finding the government afforded the appellant process "when it sent the forfeiture notice to him in care of his attorney"); *Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997) (finding "notice sent to [appellant's] attorney was reasonably calculated, in the

---

[9] Petitioner contends that notice via his attorney was insufficient because his counsel did not provide him with the written notification. (ECF No. 9 at p. 2.) Even assuming that to be true, it does not bear on the inquiry here, which is whether the Government's notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *See Minor*, 228 F.3d at 357.

[10] The court notes the Fourth Circuit's unreported opinion in *United States v. Goodman*, 34 F. App'x 137 (4th Cir. 2002), where the court positively cites *Bye* as a comparator, but finds, on the facts there, that the Government's notice served on the petitioner's attorney was "clearly inadequate" where the petitioner was no longer represented by counsel, and the Government made no other efforts to notify him. Those facts are materially distinguishable from those present here.

circumstances, to apprise [him] of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections").

Even if Petitioner did not receive the mailed notices via his attorney, "actual notice is not required in the administrative forfeiture context, as long as the DEA's actions were 'reasonably calculated to apprise [him] of the pendency of the action.'" *Johnson*, 2019 WL 1935917, at *3 (quoting *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)). Because the court finds the Government's actions abided this standard, Petitioner's argument as to notice fails.

Finally, Petitioner contends the Government was "without authority to initiate . . . forfeiture process when, in fact, he had not yet been charged of the crime of conviction in federal court." (ECF No. 9 at p. 2.) But as the Government notes, 18 U.S.C. § 983 provides that, except in limited circumstances:

> [I]n any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

18 U.S.C. § 983(a)(1)(A)(i). There is no dispute that the seizure here occurred in December 2021. The Government's notice, as discussed above, was required to proceed in the forfeiture process within 60 days of the seizure. Because Petitioner offers no argument or authority to the contrary, he does not show an entitlement to return of the property he requests.[11]

## III.    Conclusion and Order

For the foregoing reasons, it is this 19th day of May 2026,

---

[11] Petitioner seemingly contends the administrative forfeiture constitutes a breach of the Plea Agreement. (ECF No. 9 at p. 2.) The notice at issue preceded any Plea Agreement. So this argument fails. And, in any event, the Plea Agreement expressly contemplated forfeiture and Petitioner waived his right to challenge same.

**ORDERED** that Petitioner's Motion (ECF No. 1) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that Petitioner's Motion for Leave to File Sur-Surreply (ECF No. 14) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that this case shall be **CLOSED**.

Madam Clerk shall transmit a copy of this order to Petitioner.


/S/_____
Julie R. Rubin
United States District Judge

8